## In re Application of the Fayette Society for the Prevention of Cruelty to Animals Inc.

*Ralph C. Warman, district attorney,* for the Commonwealth.

*Jack R. Heneks Jr.,* for petitioner.

*Mark F. Morrison,* amicus curiae, for respondents.

*John J. Bell,* amicus curiae, for Fayette County Farmers' Association and Pennsylvania Farmers' Association.

*Vincent J. Roskovensky,* for Fayette County Commissioners.

FRANKS, *J.,* December 28, 1993—The issue before us arises from a petition by the Fayette Society for the Prevention of Cruelty to Animals Inc., asking this court to appoint Autumn Fike as a police officer/humane officer pursuant to 22 Pa.C.S. §501. After hearing, and full consideration of the applicable law, brief of petitioner, and the amici curiae briefs submitted in opposition to Fike's appointment, we deny the petition. For the reasons stated herein, we hold that Fike is not a proper candidate to exercise the police powers pursuant to 22 Pa.C.S. §501 to enforce the cruelty to animals law as defined in 18 Pa.C.S. §5511.

## BACKGROUND

The SPCA is a private non-profit corporation originally incorporated in 1913. Among its purposes is the providing of means for the prevention of cruelty to animals. Presently, the SPCA maintains a shelter in Fayette County for lost and abandoned animals, and attempts to educate the public concerning animal control.

Until recently, self-appointed humane officers/agents of the SPCA were filing numerous criminal complaints alleging violations of Pennsylvania's cruelty to animals law, 18 Pa.C.S. §5511. After receiving several complaints from county residents alleging these agents used excessive and abusive tactics, District Attorney Ralph C. Warman informed Fike, an SPCA humane officer, that before any more criminal complaints could be filed by her, or any other SPCA agent, the agent must be appointed by the court pursuant to 22 Pa.C.S. §501.

Consequently, the SPCA filed the instant petition requesting this court to appoint Fike as a police officer for the SPCA. A hearing was held at which time testimony was adduced from Fike and from several concerned residents of Fayette County.

## DISCUSSION

Primarily, this court is concerned with the propriety of appointing Fike as a special police officer pursuant to 22 Pa.C.S. §501. That section reads, in pertinent part, that certain non-profit corporations, such as the SPCA,

"may apply to the court of common pleas ... for the appointment of such persons as the corporation may designate to act as policemen for the corporation. The court, upon such application, *may* by order appoint such persons, or as many of them as *it may deem proper and necessary,* to be such policemen." (emphasis added) 22 Pa.C.S. §501(a).

Such police officers, once appointed, are authorized to arrest persons for violations of the cruelty to animals statute. 22 Pa.C.S. §501(c). Also, they may initiate criminal proceedings with the same powers any Commonwealth police officer possesses under the Pennsylvania Rules of Criminal Procedure. 18 Pa.C.S. §5511(i).

At the hearing, the court heard testimony from Fike concerning her qualifications to act as a special police officer for the SPCA. In addition, several county residents testified to their experiences with Fike and expressed their concern if she should be appointed. After a review of that testimony, this court finds that Fike lacks sufficient qualifications and experience to enforce the cruelty to animals statute.

Fike has been a humane officer for approximately two years. In 1992, she was appointed chief humane officer by the SPCA. Her actual training and experience, however, are limited.

Fike has successfully completed a training course supervised by the state dog warden, has read literature and books concerning care and control of the animals, and has assisted other officers investigating alleged instances of animal cruelty. Additionally, Fike attended one eight-hour seminar pertaining to large animals, and one eight-hour seminar in judicial procedure for humane officers. Fike, however, has had no formal weapons training, no formal police training, and admits the majority of her experience and education deals with the care and treatment of small animals.

The concern most expressed by the witnesses was that Fike lacks sufficient knowledge in the area of animal husbandry and normal farming practices to properly enforce the cruelty to animals statute. That statute specifically creates an exception for those activities "undertaken in normal agricultural operation." 18 Pa.C.S. §5511(c). Fike admits she has no formal training in, or much experience with, what constitutes normal agricultural operation.

Dr. William Sheperd, who was qualified as an expert in veterinary medicine, also testified at the hearing. In his opinion, one needs specialized knowledge of larger animals, basically farm animals, in order to be able to determine whether an animal has been treated cruelly, or whether the treatment of the animal falls within the exception of normal agricultural operation. Dr. Sheperd further opined that from his prior knowledge of Fike and from working with her, she lacks this specialized knowledge.

We agree with the doctor. We further agree with the contentions of the amici curiae that Fike's limited experience with the care of large animals, that being

one eight-hour seminar, and her minimal training in judicial procedure, do not qualify her to enforce the cruelty to animals laws.

Although we applaud Fike's efforts and devotion to enhancing the quality of life for the animals of Fayette County, we cannot, in good conscience, appoint her as a police officer with the powers and duties incident thereto, with her limited training and experience. She has had no formal weapons or police training and, is admittedly, undertrained in the very law she seeks to enforce. Therefore, the SPCA's petition as it relates to the appointment of Fike must be denied.

In refusing to appoint Fike, we discussed her obvious lack of qualifications for the position. However, the Pennsylvania legislature has failed to set forth specific guidelines, or minimal requirements, that should be met before the court makes an appointment pursuant to 22 Pa.C.S. §501. The only guidance we have is the statutory language that the court *"may* by order appoint such persons, or as many of them as it may deem *proper and necessary...."* (emphasis added) 22 Pa.C.S. §501 (a). As this appears to be a matter of first impression, this court deems it necessary to discuss what we find to be proper and necessary in order for this court to make any such future appointments. We do not perceive that the legislature intended that a court should merely act as a "rubber stamp" in approving applicants seeking such important duties.

This court believes that it is imperative that one seeking such appointment have sufficient education and training in dealing not only with small, domestic animals but with larger, farm animals. In addition, since the applicant would be performing the duties of a police officer, the applicant should have police weapons training, or its equivalent.

Initially, the SPCA will submit the applicant's name, along with his or her qualifications, to the Fayette

County district attorney. If the district attorney is satisfied that the applicant has sufficient knowledge concerning the proper treatment of small domestic animals, training in animal husbandry, and proper weapons training, then the district attorney shall conduct a background investigation of the applicant. This investigation may be similar to that conducted by the district attorney when an application has been submitted for a private detective's license pursuant to The Private Detective Act of 1953, 22 P.S. §11 et seq.

Upon completion of that investigation, the district attorney shall submit to the court a report of the investigation along with the district attorney's recommendation for or against the applicant's appointment. Thereafter, the court may conduct a hearing to determine whether the applicant is qualified.

Recognizing that it is beyond the court's power to legislate, we have outlined what we believe should be the minimal qualifications and requirements for an appointment of a police officer pursuant to 22 Pa.C.S. §501. Until and unless the Pennsylvania legislature enacts specific legislation to guide the courts, we are unable to more fully set forth the procedure to be followed for such an appointment.

Finally, it has been suggested that we rule on issues concerning the internal administrative proceedings of the SPCA. This is not properly before us and we will not comment on this issue. Consistent herewith we enter the following

## ORDER

And now, December 28, 1993, it is hereby ordered and directed that the "petition for appointment as policemen/humane officer under 22 Pa.C.S. §501" as it specifically pertains to Autumn Fike is denied without prejudice.